**E-FILED**
Tuesday, 17 November, 2009  03:32:29 PM
Clerk, U.S. District Court, ILCD

U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS


UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 ) Case No. 08-20010
    -vs-                         )
                                 )
JAMELLE CARRAWAY,                )
                                 )
            Defendant.           )


**HEARING**


        The following hearing before the Honorable
Judge Michael P. McCuskey was taken on October 6,
2009, between the hours of 9:15 a.m. and 10:10 a.m. of
that day, at the Federal Courthouse, 201 South Vine
Street, Urbana, Illinois, before Susan Randolph,
Certified Shorthand Reporter, License No. 084-003240,
for the State of Illinois.

2

**A P P E A R A N C E S**

**For the PLAINTIFF**
　　UNITED STATES ATTORNEY'S OFFICE
　　Mr. Colin S. Bruce, Esq.
　　201 South Vine
　　Urbana, Illinois  61801
　　(217) 373-5875

**For the DEFENDANT**
　　THOMAS BRUNO & ASSOCIATES
　　Mr. Thomas A. Bruno, Esq.
　　301 West Green Street
　　Urbana, Illinois  61801
　　(217) 328-6000

　　**ALSO PRESENT:**  Jamelle Carraway
　　　　　　　　　　　Vincent P. Kistner
　　　　　　　　　　　Kara Young

**COURT REPORTER:**
Susan Randolph, CSR
Illinois CSR #084-003240
Midwest Litigation Services
201 West Springfield Ave., Suite 904
Champaign, IL  61820
Phone: (217) 403-1010
Toll Free: (800) 334-DEPO (3376)
Fax: (217) 403-1020

3

1              IT IS HEREBY STIPULATED AND AGREED by and

2     between counsel for the PLAINTIFF and counsel for the

3     DEFENDANT that this deposition may be taken in

4     shorthand by Susan Randolph, Certified Shorthand

5     Reporter.

6           *    *    *    *    *    *

7              JUDGE MCCUSKEY:  This is the United States

8     of America, plaintiff, versus Jamelle W. Carraway.

9     Case number 08-20010.

10             Present in open court is Jamelle W.

11    Carraway, accompanied by his Attorney, Thomas A.

12    Bruno.  The United States of America represented by

13    its Assistant U.S. Attorney, Colin S. Bruce.

14    Probation office represented by Vincent P. Kistner and

15    Kara Young.

16             In this case, the defendant was charged in

17    a two count indictment charging, in Count 1, that on

18    or about January 28, 2008, Jamelle Carraway and Lisa

19    Owens possessed 50 grams or more of cocaine based

20    crack with the intent to distribute it.  And that's

21    the sole count of the complaint that is against

22    Jamelle Carraway.

23             On May 18th, 2008, and this is the major

24    event in this case, the information filed by the

4

government that the defendant has three prior
convictions which qualify as a basis for sentence
enhancement under the statutory guidelines which means
Congress has mandated that people who have prior
convictions are enhanced to higher mandatory minimums.

        With that Congressional mandate, Jamelle
Carraway has prior convictions for manufacture and
delivery of a controlled substance in Cook County
Circuit Court, case 01-CR-0433601.  Possession of a
controlled substance in Cook County Circuit Court,
02-CR-3012501.  And another possession of a controlled
substance in Cook County, 04-CR-6612403.

        Congress has long since mandated a three
strike rule in drug cases, and that rule has been
found constitutional by the Supreme Court of the
United States so it does not matter what those
sentences were whatsoever.  In fact, in this court,
I've had people who have never spent one day in jail
until their third conviction, which is life, which is
what Congress has mandated and the Supreme Court of
the United States has said is legal.

        So when the government filed its notice on
May 12th, 2008, that there were three prior
convictions in this case, that meant that the

5

1  defendant would only have three options.  One,

2  cooperation.  Two, going to trial and being found not

3  guilty.  Or three facing life were he to be found

4  guilty or plead guilty.

5         On January 7th, 2009, a bench trial was

6  held in this case.  The court heard testimony,

7  including testimony from Lisa Owens.  On June 1st,

8  2009, this court found Jamelle Carraway guilty of

9  possession of 50 grams or more of cocaine based crack

10  with the intent to distribute it, and the matter was

11  set first for sentencing on September 29 and has been

12  continued to today's date.

13         Following the conviction, the court ordered

14  the probation department to prepare a pre-sentence

15  investigation report which Kara J. Young has prepared

16  and distributed, and that presentence investigation

17  report has been reviewed and approved by Vincent P.

18  Kistner, senior U.S. probation officer.  The

19  presentence investigation report, Ms. Young, how did

20  you distribute it?

21         MS. YOUNG:  Via e-mail.

22         JUDGE MCCUSKEY:  To the defendant also?

23         MS. YOUNG:  By mail to the defendant and by

24  e-mail to the attorneys.

6

1          JUDGE MCCUSKEY:  Okay.  And in the

2     presence report on page -- it states that in an

3     e-mail dated August 21, 2009, Assistant United States

4     Attorney Colin S. Bruce reported no objections to the

5     presence report.

6          Mr. Bruce, you've received it and reviewed

7     it; is that correct?

8          MR. BRUCE:  That's correct, your Honor.

9          JUDGE MCCUSKEY:  And in receiving and

10     reviewing it you have determined that you have no

11     objections to the report?

12          MR. BRUCE:  That's also correct, Judge.

13          JUDGE MCCUSKEY:  And is that still true

14     today?

15          MR. BRUCE:  That is true today.

16          JUDGE MCCUSKEY:  Will the government be

17     calling any witnesses in aggravation?

18          MR. BRUCE:  No, sir.

19          JUDGE MCCUSKEY:  The presence

20     investigation report was e-mailed to you, Mr. Bruno?

21          MR. BRUNO:  It was, your Honor.

22          JUDGE MCCUSKEY:  And you received and

23     reviewed it?

24          MR. BRUNO:  I have, your Honor.

7

1          JUDGE MCCUSKEY:  Did you have an opportunity
2    to discuss it with Mr. Carraway?
3          MR. BRUNO:  Yes, your Honor, I did.
4          JUDGE MCCUSKEY:  And did you indicate to Mr.
5    Carraway that you would be filing objections to the
6    presentence report?
7          MR. BRUNO:  Yes, your Honor.  As a result of
8    my conversations with him, there were several areas of
9    concern and we filed objections.
10          JUDGE MCCUSKEY:  Were any of them agreed to
11    by the probation office?
12          MR. BRUNO:  They were not, your Honor.
13          JUDGE MCCUSKEY:  And now Ms. Young has put
14    them in the presentence report.  Has she properly
15    categorized the objections you made?
16          MR. BRUNO:  She has.
17          JUDGE MCCUSKEY:  Did you indicate the
18    objections to Mr. Carraway that you would be making?
19          MR. BRUNO:  He and I agreed on what items of
20    the presentence report we would be objecting to.  Is
21    that the court's question?
22          JUDGE MCCUSKEY:  Yes.
23          MR. BRUNO:  Yes.  He knows what we objected
24    to, and he acquiesced in making those objections.

8

1          JUDGE MCCUSKEY:  Okay.

2          MR. BRUNO:  We will say that the probation

3  department then made a strong case for the, for their

4  interpretation of those particular issues, but we have

5  made the objections.

6          JUDGE MCCUSKEY:  Sure.  And, Mr. Carraway,

7  is it correct that you have received the presentence

8  report by mail?

9          MR. CARRAWAY:  Yes.

10          JUDGE MCCUSKEY:  And have you had an

11  opportunity to review it?

12          MR. CARRAWAY:  Yes.

13          JUDGE MCCUSKEY:  Have you had an opportunity

14  to discuss it with Mr. Bruno, your attorney?

15          MR. CARRAWAY:  Yes.

16          JUDGE MCCUSKEY:  And he has made objections

17  to the presentence report on your behalf.  And then

18  Mr. Carraway -- I mean Ms. Young -- after the

19  objections were made by Mr. Bruno, did you then

20  incorporate them in a revised draft?

21          MS. YOUNG:  Yes, I did.

22          JUDGE MCCUSKEY:  And then did you mail that

23  revised draft to Mr. Carraway?

24          MS. YOUNG:  Yes.

9

1          JUDGE MCCUSKEY:  So, Mr. Carraway, did you

2     then receive the revised presentence report from

3     probation including the objections that Mr. Bruno had

4     made on your behalf?

5          MR. CARRAWAY:  Yes.

6          JUDGE MCCUSKEY:  And Mr. Bruno says that you

7     have agreed and are joining with him in those

8     objections; is that correct?

9          MR. CARRAWAY:  Yes.

10          JUDGE MCCUSKEY:  Do you have any other

11     objections that Mr. Bruno hasn't made on your behalf?

12          MR. CARRAWAY:  No.

13          JUDGE MCCUSKEY:  So -- and, Ms. Young, Mr.

14     Bruno said that once the objections were made that you

15     had made a strong case but you did not agree so those

16     objections Mr. Bruno indicates have been put forth in

17     the presentence report; is that correct?

18          MS. YOUNG:  Yes, it is.

19          JUDGE MCCUSKEY:  The court finds that we

20     have an objection to reference page 6, paragraph 20

21     where the defendant objects to a two point increase

22     for his role in the offense as set forth in

23     paragraph 20 of the presentence report.  The defendant

24     argues that the statement of Eddie Taylor mentioned in

1  paragraph 11 of the presentence report shows that

2  Eddie Taylor was dealing directly with Lisa Owens and

3  that Lisa Owens was acting as an independent seller of

4  cocaine.  The defendant further argues that Lisa Owens

5  was not taking direction from the defendant any more

6  than two equal business partners might take direction

7  from each other regarding service to the customer.

8           Mr. Bruno, you may be heard further on that

9  objection if you wish.

10          MR. BRUNO:  Thank you, your Honor.  May it

11  please the court and counsel, the court has the unique

12  benefit of having heard the evidence in the bench

13  trial in this case.  I think it's a possible

14  interpretation that Lisa Owens was less than truthful

15  on the witness stand, and in fact actively minimized

16  her role in the endeavor.  We believe that Lisa was a

17  savvy player in this and not -- in fact, she was

18  making deliveries and taking orders and acting

19  independently even at times when Mr. Carraway was not

20  in the community of Decatur.  So we object to the two

21  points that are attributed to him having a leadership

22  role in this endeavor, and really view them as a man

23  and woman who at times cohabited together, and that

24  Lisa certainly wasn't acting at the direction or

1    behest of Jamelle Carraway at any time in this.  That

2    she had an equal, if not greater role in the drug

3    activities that may have taken place in Decatur.

4                JUDGE MCCUSKEY:  Mr. Bruno -- Mr. Bruce, you

5    may respond to Mr. Bruno.

6                MR. BRUCE:  Your Honor, two points.  Number

7    one, the court heard the evidence.  Lisa Owens was,

8    many times acted at Mr. Carraway's direction.  I will

9    point out that under sentencing guidelines

10   Section 3B1.1(c) he was attributed the lowest increase

11   for role in the offense which requires that he direct

12   Lisa Owens to perform one activity in furtherance of

13   his offense.  And clearly in this case there was

14   multiple times when he directed her to do an activity.

15               Secondly, it's mute, your Honor.  The court

16   need not make a finding on it as far as I can tell.

17   The statutory penalty is a mandatory life.  So

18   regardless of whether or not you make a change in the

19   offense of adjustment or not, although the evidence

20   supports that adjustment, it's not necessary that you

21   make a specific finding as to the objection.

22               JUDGE MCCUSKEY:  Mr. Kistner, what is that,

23   it's Rule 32?

24               MR. KISTNER:  I believe C1, 32C1 I believe,

1   your Honor.  I don't have the statute with me.

2              MR. BRUCE:  I believe that's correct, your

3   Honor.

4              JUDGE MCCUSKEY:  Okay.  And that's

5   exactly -- I am surprised that both -- well, it wasn't

6   raised until today because, since it was and is a

7   mandatory life, Mr. Bruno -- well, I'm going to talk

8   about Mr. Bruno's argument, and Mr. Bruce's argument

9   because they are both correct in different ways.

10             Congress says it's life.  It wouldn't

11  matter what I did with the points, it's life.  The

12  only thing that would be important is if somebody

13  could come in and find a way to wipe out the prior

14  convictions.  I don't think that's possible.  You

15  can't wipe out history, and that's the problem.

16             Congress has said, and the Supreme Court

17  has affirmed, that this is a business, that each time

18  you continue in the business Federal Court will up the

19  ante.  Five gram sale, if you got a prior conviction,

20  becomes ten years.  Five grams, ten years prior

21  conviction.  Then before long you get into the career

22  offender and before long you become a life, and that's

23  Congress.  So it wouldn't matter if you had never done

24  a day in jail.  I've had that situation.  I had that

1    situation.  A gentleman walked by and said judge I'm

2    going to get you overruled, and I said I hope so.

3    This is too much time.  It's not right.  But Congress

4    says it's right.  The Supreme Court says it's right,

5    and the President of the United States has done

6    nothing to change it.  Not a thing.  Now if Barack

7    Obama is doing nothing to change it, folks, that means

8    it's forever.  That's one change that's not coming.

9           So I sit up here, cases come to court, and

10   before long everything enhances.  Mr. Carraway looks

11   at me, and he shouldn't be angry at me.  He should be

12   trying to get rid of a congressman in his district.

13   Reverend Jesse Jackson's son has done nothing to

14   change this either.  Not one person is trying to

15   change these laws.  So I'm the bad guy because I get

16   to administer for the prior convictions, and in this

17   case.

18           I agree with Mr. Bruno, Lisa Owens wanted

19   to come in here and be somewhat of an angel.  I'm just

20   living in Decatur and I'm trying to get along with my

21   man.  In fact, we found out she has lots of men and

22   lots of boyfriends and a former husband and you name

23   it, but she sold drugs with Jamelle Carraway and she

24   sold drugs at times he wasn't there.  She did both.

1    And that doesn't get out because Jamelle Carraway, the

2    evidence shows, was involved in the drug business.

3    And I convicted him.  And the sentence today is

4    imposed for his prior record by Congress.  And I have

5    nothing to do with it.  In fact, if I wanted to have a

6    big show today, I would say Jamelle try to walk out

7    the front door, you are free.  Federal judge says you

8    are free.  It will not happen.

9          Judge Baker once had a case, the last one

10   he ever handled as a federal judge because he was

11   unhappy, and he said I'm going to combine some of

12   these prior convictions so that you won't have to do

13   life.  The government has the right to appeal.

14   Seventh Circuit says clever.  Wrong.  Three strikes,

15   life, end of story.  So I can't change your prior

16   record.

17          I agree with Mr. Bruno.  Not that Lisa

18   Owens was lying.  She just minimized what she was

19   doing.  And she minimized it to the extent that she

20   cried and cried and cried in this courtroom when I

21   sent her to prison because she is a drug dealer also.

22   And so the problem is how long, how long.  So Lisa

23   Owens goes off for a short period of time.  If she

24   doesn't get new employment in the future, she will go

1    back and then she will go back and eventually be life.

2    It's just a matter of time.

3              What's the problem here?  Judges in Cook

4    County don't tell people what's coming.  Lawyers in

5    Cook County don't tell people what's coming.  And then

6    they leave Cook County and as soon as they hit

7    Kankakee they are headed for Federal Court.  As soon

8    as they hit Decatur, they are headed for Federal

9    Court.  As soon as they hit Danville, they are headed

10   for Federal Court.  Rantoul, Federal Court.

11   Champaign/Urbana, Federal Court.  Those Section 8

12   vouchers and that interstate highway leads to a long,

13   long time in jail because there are not that many

14   people down here, and there is a lot of police looking

15   for people selling drugs.  It's not Cook County.

16   Nobody should leave Cook County and come downstate or

17   they will be in court like you are Mr. Carraway.

18             So Mr. Bruce is right.  This decision as to

19   whether it is a two point increase for his role in the

20   offense is irrelevant in a mandatory life case.  So,

21   therefore, pursuant to the Federal Rule of Criminal

22   Procedure -- I better look it up just to be sure.  Do

23   you want to help me, Mr. Kistner?

24             MR. BRUCE:  Judge, I don't have a code book

16

1    in front of me either but you might look at

2    32(c)(c)(1)(A).

3              JUDGE MCCUSKEY:  Well, I'm not finding it at

4    32.  I know it's there.  32(c) is the presentence

5    investigation.  I want to write it down correctly.

6              MR. BRUCE:  Do you want to take a quick

7    recess and we can get that cite for you?

8              JUDGE MCCUSKEY:  Yes.

9                   (At this point a short recess was

10                   taken:)

11             JUDGE MCCUSKEY:  We will go on the record

12   again.  It is the Federal Rule of Criminal Procedure

13   32(i), which is the sentencing portion of the Federal

14   Rule of Criminal Procedure, 32(i)(3)(B) where it says

15   court determinations at sentencing, the court must,

16   for any disputed portion of the presentence report, or

17   other controverted matter, rule on the dispute or

18   determine that a ruling is unnecessary either because

19   the matter will not affect sentencing or because the

20   court will not consider the matter in sentencing.

21             In here, it's clear that because of the

22   defendant's prior record a ruling is unnecessary and

23   the court need not decide this issue because the

24   defendant faces mandatory life in prison, and a

1    decision on this objection will not affect his

2    sentence in any way.  And, therefore, the court makes

3    this decision pursuant to the Federal Code of Criminal

4    Procedure 32(i)(3)(B).

5           Then we move to the second unresolved

6    objection, referencing page 7, paragraph 26, where the

7    defendant takes the position that should his prior

8    objection on his role in the offense be upheld the

9    total offense level would be reduced to 30, and the

10   court makes the same finding as it did before because

11   the ruling is unnecessary since it will not affect

12   sentencing.

13          We have a different objection, the third

14   one, referencing page 9, paragraph 32.  Defendant

15   objects to paragraph 32 which states the defendant was

16   ordered to serve an 18 month sentence in the Illinois

17   Department of Corrections on February 11, 2003.  The

18   defendant reported having no recollection of serving

19   this sentence, and points out that his prior IDOC

20   sentence was for three years, and suggests that it's

21   improbable that a subsequent sentence to IDOC would be

22   for a shorter time period.  Defendant further argues

23   the IDOC records will confirm that he was never sent

24   there for an 18 month sentence as set forth in

18

1    paragraph 32.  Probation office has received documents

2    from Cook County Circuit Court, and the judgement from

3    the Cook County Circuit Court indicates on

4    February 11, 2003, while the defendant was serving a

5    term of parole, he pleaded guilty to possession of a

6    controlled substance and was sentenced to an 18 month

7    term of IDOC.  The documents have been provided to the

8    defendant's attorney to verify this information, and

9    for that reason this issue may be resolved before

10    sentencing.  Well, it hasn't been, and it really is

11    irrelevant.  As the court said, it's not important

12    what the sentence was.  It's important whether there

13    was a conviction.  And so as to this one there is no

14    evidence that would dispute the conviction.  Would you

15    agree with that, Mr. Bruno?

16            MR. BRUNO:  Yes, your Honor, I would.

17            JUDGE MCCUSKEY:  And since there is no

18    evidence to dispute the conviction it's irrelevant

19    what the amount of the sentence is because, again,

20    pursuant to 32(i)(3)(B) a determination on what his

21    ultimate sentence was is irrelevant because it will

22    not affect sentencing since the conviction has not

23    been set aside.  Mr. Bruno.

24            MR. BRUNO:  I would agree with that

19

1   proposition, your Honor.

2                 JUDGE MCCUSKEY:  Thank you.  The fourth

3   unresolved objection references page 10, paragraph 38.

4   Defendant takes the position that should his prior

5   objection on his criminal history computation be

6   upheld his new total criminal history points would be

7   12 rather than 15 and would show a criminal history

8   category 5 rather than 6.  The same analysis applies

9   here as in the previous objection.  Pursuant to

10  Rule 32(i)(3)(B), no decision is necessary because the

11  matter will not affect sentencing since the defendant

12  qualifies for a mandatory minimum life sentence.

13                 Those are the unresolved objections that

14  the court has had to make rulings on pursuant to

15  Rule 32(i)(3)(B).

16                 Mr. Bruno, would you agree there are no

17  other unresolved objections remaining?

18                 MR. BRUNO:  It's a small point as to the

19  accuracy of the report, but Mr. Carraway wanted to

20  point out to the court that he had an extensive

21  legitimate work history and several employers that he

22  worked for on the books.  Chicago Hilton Towers and

23  Xerox apparently aren't showing up as Social Security

24  administration records of prior employment credits.

20

1    But that would not have a factor in the sentencing

2    guidelines, nor would it impact the mandatory

3    statutory minimum.  But he wanted to point that out to

4    the court.

5              JUDGE MCCUSKEY:  And I appreciate that, Mr.

6    Carraway.  A lot of times Social Security records

7    don't come through because of somebody making a

8    mistake on a Social Security number, or sometimes when

9    people are directly contacted by probation they never

10   respond to indicate whether a person is employed or

11   not.  So I certainly have no reason not to believe

12   it's correct that you do have an employment history.

13             With there being no other unresolved

14   objections in this case, the court looks at the

15   presentence report to see if it has been prepared

16   pursuant to the Advisory Sentencing Guidelines,

17   paragraphs 1 through 95, pages 1 through 20.  Court

18   finds they have been prepared pursuant to the Advisory

19   Sentencing Guidelines of the United States Sentencing

20   Commission and the court will now adopt these as a

21   finding of the court, pages 1 through 20, paragraphs 1

22   through 25 by preponderance of the evidence on today's

23   date.

24             The only thing that the court need note in

1    this case is because of the prior convictions the

2    defendant, under the statute, faces mandatory life.

3    The advisory guidelines, of course, must follow the

4    statute, so the defendant faces life under the

5    advisory guidelines, probation is not authorized,

6    supervised release is not authorized.  Any restitution

7    would apply.  A fine range of up to 8 million, or the

8    defendant to have ability to pay a fine.  Fines are

9    always based on the ability to pay.  Special

10   assessment, Congress mandates a $100 special

11   assessment.  Ms. Young, would you agree those are the

12   statutory provisions facing Mr. Carraway today?

13                MS. YOUNG:  Yes, your Honor.

14                JUDGE MCCUSKEY:  Do you agree, Mr. Bruce?

15                MR. BRUCE:  Yes, your Honor.

16                JUDGE MCCUSKEY:  Do you agree, Mr. Bruno?

17                MR. BRUNO:  Yes, your Honor, I do.

18                JUDGE MCCUSKEY:  And the government may be

19   heard.

20                MR. BRUCE:  If it please the court, Mr.

21   Bruno, your Honor, we've already spoken about the

22   congressionally mandated penalties several times

23   during this hearing, therefore, the government's

24   recommendation will be very brief.

1          I could go into a dialogue about the

2    defendant's lengthy criminal history, his involvement

3    with street gangs, and how he wished he hadn't,

4    various incidents of violence involving women he has

5    been involved with, etc., but there is no need to do

6    that.

7          Your Honor, the government recommends the

8    court impose the statutorily mandated penalty of life

9    imprisonment, no fine, the defendant does not have the

10   ability to pay a fine.  With life imprisonment, there

11   is no term of unsupervised release.  There is a $100

12   special assessment which is due and owing immediately.

13   And I think you have covered why the defendant's

14   criminal history has gotten him to this point.  And I

15   don't think there is much more I need to say.

16          JUDGE MCCUSKEY:  Thank you, Mr. Bruce.  Mr.

17   Bruno.

18          MR. BRUNO:  Thank you, your Honor, may it

19   please the court and Mr. Bruce, the defendant is a

20   relatively young man, and has had gainful employment

21   and has the potential to be rehabilitated and to be a

22   productive member of society.  He has got his family

23   members down here today, and I know the court likes to

24   know that and maybe the court --

23

1          JUDGE MCCUSKEY:  Mr. Carraway, would you

2     indicate from your left to the right who is present

3     here for the sentencing?

4          MR. CARRAWAY:  The first person on the left

5     is my mother; second is my baby sister; third is my

6     son, Jamelle Carraway, Junior; the fourth is my niece;

7     the fifth is my little brother; and the sixth is my

8     father.

9          JUDGE MCCUSKEY:  I want to thank all of you

10    for being here and supporting Jamelle today, and I

11    know that you will be with him in the future to make

12    sure that he always knows that he has his family by

13    his side and in support.

14          MR. BRUNO:  Your Honor, I've heard this

15    court before make remarks to defendants who are facing

16    either life sentences or sentences of dramatic

17    duration about crafting a useful role for themselves

18    even in custody, mentoring others, and remaining a

19    resource for their family members.  And it seems clear

20    that Mr. Carraway has the ability to do that.  We

21    would simply ask the court to consider all of its

22    options and to deviate from the, what appears to be a

23    statutory mandate of natural life and to sentence Mr.

24    Carraway to something, something other than that under

24

1    any theory that the court can envision or craft.

2    Thank you.

3              JUDGE MCCUSKEY:  Thank you.  Mr. Carraway,

4    if you wish to say anything to your family or anything

5    for the record you may do so.  You are not required to

6    do so, and just pull the microphone over if you wish

7    to speak.

8              MR. CARRAWAY:  This is for my family.  Mom,

9    I love you.  Dad, I love you too.  Little bro, I love

10   you.  Jamelle, Junior, I love you.  Malae, I love you.

11             I mean it's kind of hard right now sitting

12   here knowing that I'm going to be gone away from you

13   all for the rest of my life.  I thank my mom and dad

14   for raising me.  And some days I sit back and realize

15   the things that you did for me, dad, back then I

16   thought was hard, you was just being hard on me, but

17   now I wish I could be there and do the same thing for

18   little Jamelle but it hurts.  And, little bro, I think

19   these people sacrificed me for you and for my son.

20   Pay attention.  Pay attention to this.  Don't let

21   these people get their hands on you because it's hard.

22   And once they get their hands on you the outcome is

23   what's going on with me right now.  So pay attention.

24   It's like chess.  I'm a pawn and I'm protecting the

1  king, and you that king.  You mama and daddy's future.

2  I sacrificed myself, which I really don't feel I

3  sacrificed myself, but right now I don't feel that I

4  should be going to jail, but I did a lot of things in

5  my past.  I copped out in Cook County to a few cases

6  in my past which I should have fought on and I knew I

7  could have beat them, but I copped out to it and I

8  come down here, I sit in here and watch people sit

9  here and lie in open court and I get found guilty for

10  possession of crack cocaine, which possession is nine

11  tenths of the law, which they said they got crack

12  cocaine out of a cabinet somewhere, but I got found

13  guilty for possession of crack cocaine.  But this is

14  the way it is.  I'm going to get ready to get life.

15  Hopefully one day I will return home to you all, if

16  God will, but if not I'm only a letter away.  I'm

17  going to make sure I write.  Keep you all in my

18  prayers.  I love you all.  Thank you for being here

19  for me, but I guess it's over with.  Jamelle, I love

20  you, baby.

21            JAMELLE, JUNIOR:  I love you too, daddy.

22            JUDGE MCCUSKEY:  Thank you, Jamelle, because

23  you can have an influence and you can, as you point

24  out, be only a letter away, a visit away.  And we have

1    a lot of sentencings like this with nobody here.

2    Nobody here for the defendant to talk to.  Nobody here

3    to say I love you one way or the other.  And what that

4    means to me is that nobody cares.  And if nobody cares

5    there is nothing that can happen good in the future.

6    But when Jamelle says don't let them get their hands

7    on you that's important.  The past catches up with

8    you.  It all builds up.  And these are not happy days

9    for me.  I used to do gang bang murders in Peoria, 10,

10   20 a year.  Never sent anybody away for life.  Never

11   sent anybody away for life.  But that's what Congress

12   says.  That's what the President says.  That's what

13   the Supreme Court says.  And there isn't nobody out

14   there trying to change it.  And as I said to Mr.

15   Bruno, I didn't want to interrupt Mr. Bruno, but I

16   already said federal judges can't change it.  Judge

17   Baker tried to creatively get rid of a prior

18   conviction and the Seventh Circuit Court of Appeals

19   looking at the paper said it's life, send it back.

20   Judge Baker says I'm not going to sign it.  It doesn't

21   matter.  I'm the chief judge, I had to sign it.  So no

22   federal judge can change it.  Only Congress and the

23   President.  So we have lots of sad days like today

24   where the sentence isn't necessarily appropriate and

1    reasonable but it's what Congress says.  The past

2    catches up to you.  Three strikes means life.

3              And when I go to visit prisons and talk to

4    wardens I say, and I talk to prisoners, and it's

5    interesting, there are really only three kinds of

6    prisoners.  One, they don't know anything.  And if you

7    think about in the drug business that's the guy on the

8    street corner that knocks on the door, the money

9    exchanges hands, and he really doesn't know where the

10   drugs come from, and he may not even know who is

11   inside the house.  He is just out on the street corner

12   trying to make enough money to get by, and trying to

13   make enough money usually to support his own habit.

14   He gets caught.  There is nothing he can do.  Nobody

15   he can testify against.  No information he can give to

16   anybody.  He is stuck.

17             Then there is the other defendant who makes

18   a decision to try to work off time, testify, get

19   information, maybe be a confidential informant and do

20   a buy or transaction and get their sentence reduced.

21             And then there is the third defendant who,

22   and whether you meant this or not, Jamelle, I've had

23   people testify to me, I have had people testify that

24   my brother and my best friend, they ratted me out.

1    They will have to live with that.  I've had people

2    testify against their father.  I've had fathers

3    testify against their son.  I've had brothers testify

4    against brothers, and on down the line, so that they

5    can get a lesser sentence.  And then I've had the

6    people say you know what I'm manning up, I'm not going

7    to ruin anybody else's life.  I'm not going to testify

8    against anybody else.  I'm going to take my time and

9    I'm going to live with it.  So three types of people.

10   Don't know anything.  Can't do anything.  I know I

11   can, I will, and I'm going to help myself.  And then

12   the others I know I can, I will sacrifice myself

13   because I'm not going to cooperate.

14          So from today's date forward there is one

15   year period of time, Jamelle, it's called a Rule 35,

16   and I always make sure now I talk about it because

17   I've had family write later and said well we didn't

18   know that there was cooperation after a sentence.  We

19   didn't know that there was another way out.  There is

20   a Rule 35 for cooperation assistance for one year

21   after the sentence.

22          I have received letters from people who are

23   doing life and they are saying, judge, now that I'm

24   spending all this time in jail I probably should have

1   taken a different route.  I probably should have

2   cooperated.  That's up to each defendant.  That's up

3   to each person as to what they wish to do.  And so

4   I've made my speeches about sentencing.  I've made my

5   speeches about people in situations as to what they

6   can do.  But the one thing I want to do is thank the

7   family for being here, and I want to thank you,

8   Jamelle, for the things that you've said because I do

9   think that you will make a positive influence on your

10   children and that you will be able to help them by

11   your letters and by the visits because love and

12   affection is something that you can't put words to

13   explain.  It either is there or it isn't.  So I do

14   believe that you will have a significant role not only

15   in your parents and your siblings but also in your

16   children's life.

17         However, Congress mandates that I must say

18   this: Based on your prior record, and the conviction

19   in this case, pursuant to the Sentencing Reform Act of

20   1984, the defendant, Jamelle Carraway, is hereby

21   committed to the custody of the Federal Bureau of

22   Prisons for a period of life imprisonment.  Court

23   recommends the defendant serve his sentence in a

24   facility that's close to his family in Chicago,

1    Illinois as possible.

2              It's further recommended that he serve his

3    sentence in a facility that will allow him to maximize

4    his exposure to educational and vocational

5    opportunities.

6              You are a smart person, Jamelle, so any

7    opportunity you get to work, any opportunity that you

8    get to be outside of your cell, maybe help others

9    while you are in prison because you are smart, so take

10   advantage of any educational, vocational

11   opportunities.

12             Court finds the defendant does not have the

13   ability to pay a fine.  Thus no fine is imposed.

14   Special assessment of $100 is imposed immediately

15   pursuant to congressional mandate.  The defendant does

16   have the right to appeal the findings, conviction, and

17   sentence of this court.

18             There are three ways in which you can do

19   that, Jamelle.  One, you can ask Mr. Bruno to file a

20   notice of appeal on your behalf.  If you do that

21   within ten days, he will do that for you.  You may

22   file your own notice of appeal with the clerk of the

23   court here in Urbana at the Federal Courthouse.  If

24   you do wish to file your own notice of appeal, you

1   must do that within ten days.  And the third way is

2   that you may direct that the clerk of the court file a

3   notice of appeal for you, and if you do within ten

4   days direct the clerk of the court to file a notice of

5   appeal then they will file the notice of appeal.  And

6   if any of those three is done within the next ten days

7   your appeal will be perfected to the Seventh Circuit

8   Court of Appeals in Chicago who will review the

9   evidence in this case, the findings, and the judgement

10   of this court.

11              And because the court has found you to be

12   indigent, and during an appeal a transcript of these

13   proceedings would be provided to the court of appeals,

14   and the court of appeals would appoint an attorney to

15   represent you.

16              Do you have any questions, Jamelle, about

17   your appeal rights?

18              MR. CARRAWAY:  No.

19              JUDGE MCCUSKEY:  Any questions about

20   anything?

21              MR. CARRAWAY:  No, sir.

22              JUDGE MCCUSKEY:  Mr. Bruno.

23              MR. BRUNO:  Your Honor, on behalf of the

24   defendant, we hereby request that the clerk be

1    directed to file a notice of appeal on his behalf.

2            JUDGE MCCUSKEY:  The clerk is directed at

3    this time to file the notice of appeal for the case to

4    proceed to the Seventh Circuit.  Anything further, Mr.

5    Bruno?

6            MR. BRUNO:  No, your Honor.

7            JUDGE MCCUSKEY:  Anything further, Ms. Young

8    or Mr. Kistner?

9            MS. YOUNG:  The defendant would need to be

10   ordered to submit to a DNA testing also.

11           JUDGE MCCUSKEY:  Okay.  That was not in

12   the --

13           MS. YOUNG:  It's in a special section.

14           JUDGE MCCUSKEY:  Right.  So pursuant to 42

15   United States Code Section 14135a Jamelle Carraway

16   will cooperate in the collection of DNA as directed by

17   the Federal Bureau of Prisons.  Anything further from

18   probation?

19           MS. YOUNG:  No, your Honor.

20           JUDGE MCCUSKEY:  Anything further from the

21   Government?

22           MR. BRUCE:  No, sir.

23           JUDGE MCCUSKEY:  Defendant is remanded into

24   the custody of the United States Marshal.

1                              (Hearing concluded)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

34

1   STATE OF ILLINOIS)
                    )   SS
2   COUNTY OF COLES  )

3            I, SUSAN M. RANDOLPH, Certified Shorthand
    Reporter for the State of Illinois, do hereby certify
4   that the foregoing hearing came before me in the
    aforementioned cause of action.
5            That the foregoing hearing was taken on
    October 6, 2009.
6            That said hearing was taken down in
    stenograph notes and afterwards reduced to typewriting
7   under my instruction and said transcription is a true
    record of the testimony given.
8            I do hereby certify that I am a
    disinterested person in this cause of action; that I
9   am not a relative of any party or any attorney of
    record in this cause, or an attorney for any party
10  herein, or otherwise interested in the event of this
    action, and am not in the employ of the attorneys for
11  either party.
             In witness whereof, I have hereunto set my
12  hand this 7th day of November, 2009.

13

14

                 _____
15                  Susan M. Randolph, CSR

16

17

18

19

20

21

22

23

24

1

# #

**#084-003240** [1] - 2:13

# $

**$100** [3] - 21:10,
22:11, 30:14

# 0

**01-CR-0433601** [1] -
4:9
**02-CR-3012501** [1] -
4:11
**04-CR-6612403** [1] -
4:12
**08-20010** [2] - 1:6, 3:9
**084-003240** [1] - 1:18

# 1

**1** [5] - 3:17, 20:17,
20:21
**10** [2] - 19:3, 26:9
**10:10** [1] - 1:15
**11** [3] - 10:1, 17:17,
18:4
**12** [1] - 19:7
**12th** [1] - 4:23
**14135a** [1] - 32:15
**15** [1] - 19:7
**18** [3] - 17:16, 17:24,
18:6
**18th** [1] - 3:23
**1984** [1] - 29:20
**1st** [1] - 5:7

# 2

**20** [5] - 9:20, 9:23,
20:17, 20:21, 26:10
**2003** [2] - 17:17, 18:4
**2008** [3] - 3:18, 3:23,
4:23
**2009** [6] - 1:15, 5:5,
5:8, 6:3, 34:5, 34:12
**201** [3] - 1:16, 2:3,
2:14
**21** [1] - 6:3
**217** [4] - 2:4, 2:8, 2:15,
2:16
**25** [1] - 20:22
**26** [1] - 17:6
**28** [1] - 3:18
**29** [1] - 5:11

# 3

**30** [1] - 17:9
**301** [1] - 2:7
**32** [5] - 11:23, 16:4,
17:14, 17:15, 18:1
**32(c** [1] - 16:4
**32(c)(c)(1)(A)** [1] -
16:2
**32(i** [1] - 16:13
**32(i)(3)(B** [3] - 16:14,
18:20, 19:10
**32(i)(3)(B)** [2] - 17:4,
19:15
**328-6000** [1] - 2:8
**32C1** [1] - 11:24
**334-DEPO** [1] - 2:16
**3376** [1] - 2:16
**35** [2] - 28:15, 28:20
**373-5875** [1] - 2:4
**38** [1] - 19:3
**3B1.1(c** [1] - 11:10

# 4

**403-1010** [1] - 2:15
**403-1020** [1] - 2:16
**42** [1] - 32:14

# 5

**5** [1] - 19:8
**50** [2] - 3:19, 5:9

# 6

**6** [4] - 1:14, 9:20, 19:8,
34:5
**61801** [2] - 2:4, 2:7
**61820** [1] - 2:15

# 7

**7** [1] - 17:6
**7th** [2] - 5:5, 34:12

# 8

**8** [2] - 15:11, 21:7
**800** [1] - 2:16

# 9

**9** [1] - 17:14
**904** [1] - 2:14

**95** [1] - 20:17
**9:15** [1] - 1:15

# A

**a.m** [2] - 1:15
**ability** [5] - 21:8, 21:9,
22:10, 23:20, 30:13
**able** [1] - 29:10
**accompanied** [1] -
3:11
**accuracy** [1] - 19:19
**acquiesced** [1] - 7:24
**act** [1] - 29:19
**acted** [1] - 11:8
**acting** [3] - 10:3,
10:18, 10:24
**action** [3] - 34:4, 34:8,
34:10
**actively** [1] - 10:15
**activities** [1] - 11:3
**activity** [2] - 11:12,
11:14
**adjustment** [2] -
11:19, 11:20
**administer** [1] - 13:16
**administration** [1] -
19:24
**adopt** [1] - 20:20
**advantage** [1] - 30:10
**advisory** [4] - 20:16,
20:18, 21:3, 21:5
**affect** [5] - 16:19,
17:1, 17:11, 18:22,
19:11
**affection** [1] - 29:12
**affirmed** [1] - 12:17
**aforementioned** [1] -
34:4
**afterwards** [1] - 34:6
**aggravation** [1] - 6:17
**agree** [9] - 9:15,
13:18, 14:17, 18:15,
18:24, 19:16, 21:11,
21:14, 21:16
**AGREED** [1] - 3:1
**agreed** [3] - 7:10,
7:19, 9:7
**allow** [1] - 30:3
**ALSO** [1] - 2:9
**AMERICA** [1] - 1:4
**America** [2] - 3:8, 3:12
**amount** [1] - 18:19
**analysis** [1] - 19:8
**AND** [1] - 3:1
**angel** [1] - 13:19
**angry** [1] - 13:11
**ante** [1] - 12:19
**appeal** [13] - 14:13,

30:16, 30:20, 30:22,
30:24, 31:3, 31:5,
31:7, 31:12, 31:17,
32:1, 32:3
**appeals** [4] - 26:18,
31:8, 31:13, 31:14
**applies** [1] - 19:8
**apply** [1] - 21:7
**appoint** [1] - 31:14
**appreciate** [1] - 20:5
**appropriate** [1] -
26:24
**approved** [1] - 5:17
**areas** [1] - 7:8
**argues** [3] - 9:24,
10:4, 17:22
**argument** [1] - 12:8
**aside** [1] - 18:23
**assessment** [4] -
21:10, 21:11, 22:12,
30:14
**assistance** [1] - 28:20
**assistant** [2] - 3:13,
6:3
**ASSOCIATES** [1] - 2:6
**attention** [3] - 24:20,
24:23
**attorney** [8] - 3:11,
3:13, 6:4, 8:14, 18:8,
31:14, 34:9, 34:9
**ATTORNEY'S** [1] - 2:2
**attorneys** [2] - 5:24,
34:10
**attributed** [2] - 10:21,
11:10
**August** [1] - 6:3
**authorized** [2] - 21:5,
21:6
**Ave** [1] - 2:14

# B

**baby** [2] - 23:5, 25:20
**bad** [1] - 13:15
**Baker** [1] - 26:20
**baker** [2] - 14:9, 26:17
**bang** [1] - 26:9
**Barack** [1] - 13:6
**based** [4] - 3:19, 5:9,
21:9, 29:18
**basis** [1] - 4:2
**beat** [1] - 25:7
**become** [1] - 12:22
**becomes** [1] - 12:20
**behalf** [6] - 8:17, 9:4,
9:11, 30:20, 31:23,
32:1
**behest** [1] - 11:1
**bench** [2] - 5:5, 10:12

**benefit** [1] - 10:12
**best** [1] - 27:24
**better** [1] - 15:22
**between** [2] - 1:15, 3:2
**big** [1] - 14:6
**book** [1] - 15:24
**books** [1] - 19:22
**boyfriends** [1] - 13:22
**brief** [1] - 21:24
**bro** [2] - 24:9, 24:18
**brother** [2] - 23:7,
27:24
**brothers** [2] - 28:3,
28:4
**Bruce** [9] - 2:3, 3:13,
6:4, 6:6, 11:4, 15:18,
21:14, 22:16, 22:19
**BRUCE** [11] - 6:8,
6:12, 6:15, 6:18,
11:6, 12:2, 15:24,
16:6, 21:15, 21:20,
32:22
**Bruce's** [1] - 12:8
**BRUNO** [19] - 2:6,
6:21, 6:24, 7:3, 7:7,
7:12, 7:16, 7:19,
7:23, 8:2, 10:10,
18:16, 18:24, 19:18,
21:17, 22:18, 23:14,
31:23, 32:6
**Bruno** [27] - 2:6, 3:12,
6:20, 8:14, 8:19, 9:3,
9:6, 9:11, 9:14, 9:16,
10:8, 11:4, 11:5,
12:7, 13:18, 14:17,
18:15, 18:23, 19:16,
21:16, 21:21, 22:17,
26:15, 30:19, 31:22,
32:5
**Bruno's** [1] - 12:8
**builds** [1] - 26:8
**bureau** [2] - 29:21,
32:17
**business** [5] - 10:6,
12:17, 12:18, 14:2,
27:7
**buy** [1] - 27:20

# C

**C1** [1] - 11:24
**cabinet** [1] - 25:12
**career** [1] - 12:21
**cares** [2] - 26:4
**Carraway** [30] - 2:9,
3:8, 3:11, 3:18, 3:22,
4:7, 5:8, 7:2, 7:5,
7:18, 8:6, 8:18, 8:23,
9:1, 10:19, 11:1,

13:10, 13:23, 14:1, 15:17, 19:19, 20:6, 21:12, 23:1, 23:6, 23:20, 23:24, 24:3, 29:20, 32:15
**CARRAWAY** [11] - 1:7, 8:9, 8:12, 8:15, 9:5, 9:9, 9:12, 23:4, 24:8, 31:18, 31:21
**Carraway's** [1] - 11:8
**Case** [1] - 1:6
**case** [18] - 3:9, 3:16, 3:24, 4:9, 4:24, 5:6, 8:3, 9:15, 10:13, 11:13, 13:17, 14:9, 15:20, 20:14, 21:1, 29:19, 31:9, 32:3
**cases** [3] - 4:14, 13:9, 25:5
**catches** [2] - 26:7, 27:2
**categorized** [1] - 7:15
**category** [1] - 19:8
**caught** [1] - 27:14
**cell** [1] - 30:8
**CENTRAL** [1] - 1:1
**certainly** [2] - 10:24, 20:11
**Certified** [3] - 1:18, 3:4, 34:3
**certify** [2] - 34:3, 34:8
**Champaign** [1] - 2:15
**Champaign/Urbana** [1] - 15:11
**change** [10] - 11:18, 13:6, 13:7, 13:8, 13:14, 13:15, 14:15, 26:14, 26:16, 26:22
**charged** [1] - 3:16
**charging** [1] - 3:17
**chess** [1] - 24:24
**Chicago** [3] - 19:22, 29:24, 31:8
**chief** [1] - 26:21
**children** [1] - 29:10
**children's** [1] - 29:16
**circuit** [8] - 4:9, 4:10, 14:14, 18:2, 18:3, 26:18, 31:7, 32:4
**cite** [1] - 16:7
**clear** [2] - 16:21, 23:19
**clearly** [1] - 11:13
**clerk** [5] - 30:22, 31:2, 31:4, 31:24, 32:2
**clever** [1] - 14:14
**close** [1] - 29:24
**cocaine** [6] - 3:19, 5:9, 10:4, 25:10, 25:12, 25:13
**code** [3] - 15:24, 17:3,

32:15
**cohabited** [1] - 10:23
**COLES** [1] - 34:2
**Colin** [3] - 2:3, 3:13, 6:4
**collection** [1] - 32:16
**combine** [1] - 14:11
**coming** [3] - 13:8, 15:4, 15:5
**commission** [1] - 20:20
**committed** [1] - 29:21
**community** [1] - 10:20
**complaint** [1] - 3:21
**computation** [1] - 19:5
**concern** [1] - 7:9
**concluded** [1] - 33:1
**confidential** [1] - 27:19
**confirm** [1] - 17:23
**congress** [13] - 4:4, 4:13, 4:20, 12:10, 12:16, 12:23, 13:3, 14:4, 21:10, 26:11, 26:22, 27:1, 29:17
**congressional** [2] - 4:6, 30:15
**congressionally** [1] - 21:22
**congressman** [1] - 13:12
**consider** [2] - 16:20, 23:21
**constitutional** [1] - 4:15
**contacted** [1] - 20:9
**continue** [1] - 12:18
**continued** [1] - 5:12
**controlled** [4] - 4:8, 4:10, 4:11, 18:6
**controverted** [1] - 16:17
**conversations** [1] - 7:8
**convicted** [1] - 14:3
**conviction** [11] - 4:19, 5:13, 12:19, 12:21, 18:13, 18:14, 18:18, 18:22, 26:18, 29:18, 30:16
**convictions** [8] - 4:2, 4:5, 4:7, 4:24, 12:14, 13:16, 14:12, 21:1
**Cook** [11] - 4:8, 4:10, 4:12, 15:3, 15:5, 15:6, 15:15, 15:16, 18:2, 18:3, 25:5
**cooperate** [2] - 28:13, 32:16

**cooperated** [1] - 29:2
**cooperation** [3] - 5:2, 28:18, 28:20
**copped** [2] - 25:5, 25:7
**corner** [2] - 27:8, 27:11
**correct** [9] - 6:7, 6:8, 6:12, 8:7, 9:8, 9:17, 12:2, 12:9, 20:12
**corrections** [1] - 17:17
**correctly** [1] - 16:5
**counsel** [3] - 3:2, 10:11
**Count** [1] - 3:17
**count** [2] - 3:17, 3:21
**COUNTY** [1] - 34:2
**County** [11] - 4:8, 4:10, 4:12, 15:4, 15:5, 15:6, 15:15, 15:16, 18:2, 18:3, 25:5
**course** [1] - 21:3
**COURT** [2] - 1:1, 2:12
**Court** [6] - 4:15, 4:20, 12:16, 13:4, 26:13, 31:8
**court** [57] - 3:10, 4:9, 4:10, 4:17, 5:6, 5:8, 5:13, 9:19, 10:11, 11:7, 11:15, 12:18, 13:9, 15:7, 15:9, 15:10, 15:11, 15:17, 16:15, 16:20, 16:23, 17:2, 17:10, 18:2, 18:3, 18:11, 19:14, 19:20, 20:4, 20:14, 20:17, 20:20, 20:21, 20:24, 21:20, 22:8, 22:19, 22:23, 22:24, 23:15, 23:21, 24:1, 25:9, 26:18, 29:22, 30:12, 30:17, 30:23, 31:2, 31:4, 31:10, 31:11, 31:13, 31:14
**court's** [1] - 7:21
**courthouse** [1] - 30:23
**Courthouse** [1] - 1:16
**courtroom** [1] - 14:20
**covered** [1] - 22:13
**crack** [5] - 3:20, 5:9, 25:10, 25:11, 25:13
**craft** [1] - 24:1
**crafting** [1] - 23:17
**creatively** [1] - 26:17
**credits** [1] - 19:24
**cried** [3] - 14:20
**criminal** [9] - 15:21,

16:12, 16:14, 17:3, 19:5, 19:6, 19:7, 22:2, 22:14
**CSR** [3] - 2:13, 2:13, 34:15
**custody** [3] - 23:18, 29:21, 32:24
**customer** [1] - 10:7

## D

**dad** [3] - 24:9, 24:13, 24:15
**daddy** [1] - 25:21
**daddy's** [1] - 25:1
**Danville** [1] - 15:9
**date** [3] - 5:12, 20:23, 28:14
**dated** [1] - 6:3
**days** [7] - 24:14, 26:8, 26:23, 30:21, 31:1, 31:4, 31:6
**dealer** [1] - 14:21
**dealing** [1] - 10:2
**Decatur** [4] - 10:20, 11:3, 13:20, 15:8
**decide** [1] - 16:23
**decision** [5] - 15:18, 17:1, 17:3, 19:10, 27:18
**Defendant** [1] - 1:8
**defendant** [34] - 3:16, 4:1, 5:1, 5:22, 5:23, 9:21, 9:23, 10:4, 10:5, 16:24, 17:7, 17:14, 17:15, 17:18, 17:22, 18:4, 19:4, 19:11, 21:2, 21:4, 21:8, 22:9, 22:19, 26:2, 27:17, 27:21, 29:2, 29:20, 29:23, 30:12, 30:15, 31:24, 32:9, 32:23
**DEFENDANT** [2] - 2:5, 3:3
**defendant's** [4] - 16:22, 18:8, 22:2, 22:13
**defendants** [1] - 23:15
**deliveries** [1] - 10:18
**delivery** [1] - 4:8
**Department** [1] - 17:17
**department** [2] - 5:14, 8:3
**deposition** [1] - 3:3
**determination** [1] - 18:20
**determinations** [1] -

16:15
**determine** [1] - 16:18
**determined** [1] - 6:10
**deviate** [1] - 23:22
**dialogue** [1] - 22:1
**different** [3] - 12:9, 17:13, 29:1
**direct** [3] - 11:11, 31:2, 31:4
**directed** [4] - 11:14, 32:1, 32:2, 32:16
**direction** [4] - 10:5, 10:6, 10:24, 11:8
**directly** [2] - 10:2, 20:9
**discuss** [2] - 7:2, 8:14
**disinterested** [1] - 34:8
**dispute** [3] - 16:17, 18:14, 18:18
**disputed** [1] - 16:16
**distribute** [3] - 3:20, 5:10, 5:20
**distributed** [1] - 5:16
**district** [1] - 13:12
**DISTRICT** [2] - 1:1, 1:1
**DNA** [2] - 32:10, 32:16
**documents** [2] - 18:1, 18:7
**done** [4] - 12:23, 13:5, 13:13, 31:6
**door** [1] - 14:7, 27:8
**down** [6] - 15:14, 16:5, 22:23, 25:8, 28:4, 34:6
**downstate** [1] - 15:16
**draft** [2] - 8:20, 8:23
**dramatic** [1] - 23:16
**drug** [5] - 4:14, 11:2, 14:2, 14:21, 27:7
**drugs** [4] - 13:23, 13:24, 15:15, 27:10
**due** [1] - 22:12
**duration** [1] - 23:17
**during** [2] - 21:23, 31:12

## E

**e-mail** [3] - 5:21, 5:24, 6:3
**e-mailed** [1] - 6:20
**Eddie** [2] - 9:24, 10:2
**educational** [2] - 30:4, 30:10
**either** [6] - 13:14, 16:1, 16:18, 23:16, 29:13, 34:11

**employ** [1] - 34:10
**employed** [1] - 20:10
**employers** [1] - 19:21
**employment** [4] - 14:24, 19:24, 20:12, 22:20
**end** [1] - 14:15
**endeavor** [2] - 10:16, 10:22
**enhanced** [1] - 4:5
**enhancement** [1] - 4:3
**enhances** [1] - 13:10
**envision** [1] - 24:1
**equal** [2] - 10:6, 11:2
**Esq** [2] - 2:3, 2:6
**etc** [1] - 22:5
**event** [2] - 3:24, 34:10
**eventually** [1] - 15:1
**evidence** [8] - 10:12, 11:7, 11:19, 14:2, 18:14, 18:18, 20:22, 31:9
**exactly** [1] - 12:5
**exchanges** [1] - 27:9
**explain** [1] - 29:13
**exposure** [1] - 30:4
**extensive** [1] - 19:20
**extent** [1] - 14:19

### F

**faces** [3] - 16:24, 21:2, 21:4
**facility** [2] - 29:24, 30:3
**facing** [3] - 5:3, 21:12, 23:15
**fact** [5] - 4:17, 10:15, 10:17, 13:21, 14:5
**factor** [1] - 20:1
**family** [8] - 22:22, 23:12, 23:19, 24:4, 24:8, 28:17, 29:7, 29:24
**far** [1] - 11:16
**father** [2] - 23:8, 23:12
**fathers** [1] - 28:2
**Fax** [1] - 2:16
**February** [2] - 17:17, 18:4
**federal** [17] - 12:18, 14:7, 14:10, 15:7, 15:8, 15:10, 15:11, 15:21, 16:12, 16:13, 17:3, 26:16, 26:22, 29:21, 30:23, 32:17
**Federal** [1] - 1:16
**few** [1] - 25:5
**fifth** [1] - 23:7

**file** [8] - 30:19, 30:22, 30:24, 31:2, 31:4, 31:5, 32:1, 32:3
**filed** [3] - 3:24, 4:22, 7:9
**filing** [1] - 7:5
**findings** [2] - 30:16, 31:9
**fine** [6] - 21:7, 21:8, 22:9, 22:10, 30:13
**fines** [1] - 21:8
**first** [2] - 5:11, 23:4
**five** [2] - 12:19, 12:20
**folks** [1] - 13:7
**follow** [1] - 21:3
**following** [2] - 1:13, 5:13
**foregoing** [1] - 34:4, 34:5
**forever** [1] - 13:8
**former** [1] - 13:22
**forth** [3] - 9:16, 9:22, 17:24
**forward** [1] - 28:14
**fought** [1] - 25:6
**fourth** [2] - 19:2, 23:6
**free** [2] - 14:7, 14:8
**Free** [1] - 2:16
**friend** [1] - 27:24
**front** [2] - 14:7, 16:1
**furtherance** [1] - 11:12
**future** [4] - 14:24, 23:11, 25:1, 26:5

### G

**gainful** [1] - 22:20
**gang** [1] - 26:9
**gangs** [1] - 22:3
**gentleman** [1] - 13:1
**given** [1] - 34:7
**God** [1] - 25:16
**government** [7] - 4:1, 4:22, 6:16, 14:13, 21:18, 22:7, 32:21
**government's** [1] - 21:23
**gram** [1] - 12:19
**grams** [3] - 3:19, 5:9, 12:20
**greater** [1] - 11:2
**Green** [1] - 2:7
**guess** [1] - 25:19
**guidelines** [7] - 4:3, 11:9, 20:2, 20:16, 20:19, 21:3, 21:5
**guilty** [7] - 5:3, 5:4, 5:8, 18:5, 25:9,

25:13
**guy** [2] - 13:15, 27:7

### H

**habit** [1] - 27:13
**hand** [1] - 34:12
**handled** [1] - 14:10
**hands** [4] - 24:21, 24:22, 26:6, 27:9
**happy** [1] - 26:8
**hard** [4] - 24:11, 24:16, 24:21
**headed** [3] - 15:7, 15:8, 15:9
**heard** [6] - 5:6, 10:8, 10:12, 11:7, 21:19, 23:14
**hearing** [4] - 1:10, 1:13, 21:23, 34:4, 34:5, 34:6
**Hearing** [1] - 33:1
**held** [1] - 5:6
**help** [4] - 15:23, 28:11, 29:10, 30:8
**HEREBY** [1] - 3:1
**hereby** [4] - 29:20, 31:24, 34:3, 34:8
**herein** [1] - 34:10
**hereunto** [1] - 34:11
**higher** [1] - 4:5
**highway** [1] - 15:12
**Hilton** [1] - 19:22
**history** [8] - 12:15, 19:5, 19:6, 19:7, 19:21, 20:12, 22:2, 22:18, 23:14, 31:23, 32:6, 32:19
**hit** [3] - 15:6, 15:8, 15:9
**home** [1] - 25:15
**Honor** [23] - 6:8, 6:21, 6:24, 7:3, 7:7, 7:12, 10:10, 11:6, 11:15, 12:1, 12:3, 18:16, 19:1, 21:13, 21:15, 21:17, 21:21, 22:7, 22:18, 23:14, 31:23, 32:6, 32:19
**Honorable** [1] - 1:13
**hope** [1] - 13:2
**hopefully** [1] - 25:15
**hours** [1] - 1:15
**house** [1] - 27:11
**hurts** [1] - 24:18
**husband** [1] - 13:22

### I

**IDOC** [4] - 17:19, 17:21, 17:23, 18:7
**IL** [1] - 2:15
**ILLINOIS** [3] - 1:1, 1:2, 34:1
**Illinois** [8] - 1:17, 1:19, 2:4, 2:7, 2:13, 17:16, 30:1, 34:3
**immediately** [2] - 22:12, 30:14
**impact** [1] - 20:2
**important** [4] - 12:12, 18:11, 18:12, 26:7
**impose** [1] - 22:8
**imposed** [3] - 14:4, 30:13, 30:14
**imprisonment** [3] - 22:9, 22:10, 29:22
**improbable** [1] - 17:21
**incidents** [1] - 22:4
**including** [2] - 5:7, 9:3
**incorporate** [1] - 8:20
**increase** [3] - 9:21, 11:10, 15:19
**independent** [1] - 10:3
**independently** [1] - 10:19
**indicate** [4] - 7:4, 7:17, 20:10, 23:2
**indicates** [2] - 9:16, 18:3
**indictment** [1] - 3:17
**indigent** [1] - 31:12
**influence** [2] - 25:23, 29:9
**informant** [1] - 27:19
**information** [4] - 3:24, 18:8, 27:15, 27:19
**inside** [1] - 27:11
**instruction** [1] - 34:7
**intent** [2] - 3:20, 5:10
**interested** [1] - 34:10
**interesting** [1] - 27:5
**interpretation** [2] - 8:4, 10:14
**interrupt** [1] - 26:15
**interstate** [1] - 15:12
**investigation** [5] - 5:15, 5:16, 5:19, 6:20, 16:5
**involved** [2] - 14:2, 22:5
**involvement** [1] - 22:2
**involving** [1] - 22:4
**irrelevant** [4] - 15:20, 18:11, 18:18, 18:21
**IS** [1] - 3:1

**issue** [2] - 16:23, 18:9
**issues** [1] - 8:4
**items** [1] - 7:19

### J

**Jackson's** [1] - 13:13
**jail** [5] - 4:18, 12:24, 15:13, 25:4, 28:24
**Jamelle** [26] - 2:9, 3:8, 3:10, 3:18, 3:22, 4:6, 5:8, 11:1, 13:23, 14:1, 14:6, 23:6, 23:10, 24:10, 24:18, 25:19, 25:22, 26:6, 27:22, 28:15, 29:8, 29:20, 30:6, 30:19, 31:16, 32:15
**JAMELLE** [2] - 1:7, 15:21
**January** [2] - 3:18, 5:5
**Jesse** [1] - 13:13
**joining** [1] - 9:7
**Judge** [1] - 1:14
**judge** [11] - 6:12, 13:1, 14:7, 14:9, 14:10, 15:24, 26:16, 26:20, 26:21, 26:22, 28:23
**JUDGE** [50] - 3:7, 5:22, 6:1, 6:9, 6:13, 6:16, 6:19, 6:22, 7:1, 7:4, 7:10, 7:13, 7:17, 7:22, 8:1, 8:6, 8:10, 8:13, 8:16, 8:22, 9:1, 9:6, 9:10, 9:13, 9:19, 11:4, 11:22, 12:4, 16:3, 16:8, 16:11, 18:17, 19:2, 20:5, 21:14, 21:16, 21:18, 22:16, 23:1, 23:9, 24:3, 25:22, 31:19, 31:22, 32:2, 32:7, 32:11, 32:14, 32:20, 32:23
**judgement** [2] - 18:2, 31:9
**judges** [2] - 15:3, 26:16
**June** [1] - 5:7
**junior** [2] - 23:6, 24:10
**JUNIOR** [1] - 25:21

### K

**Kankakee** [1] - 15:7
**Kara** [3] - 2:10, 3:15, 5:15
**keep** [1] - 25:17
**kind** [1] - 24:11

4

**kinds** [1] - 27:5
**king** [2] - 25:1
**Kistner** [6] - 2:9, 3:14, 5:18, 11:22, 15:23, 32:8
**KISTNER** [1] - 11:24
**knocks** [1] - 27:8
**knowing** [1] - 24:12
**knows** [2] - 7:23, 23:12

## L

**last** [1] - 14:9
**law** [1] - 25:11
**laws** [1] - 13:15
**lawyers** [1] - 15:4
**leadership** [1] - 10:21
**leads** [1] - 15:12
**leave** [2] - 15:6, 15:16
**left** [2] - 23:2, 23:4
**legal** [1] - 4:21
**legitimate** [1] - 19:21
**lengthy** [1] - 22:2
**less** [1] - 10:14
**lesser** [1] - 28:5
**letter** [2] - 25:16, 25:24
**letters** [2] - 28:22, 29:11
**level** [1] - 17:9
**License** [1] - 1:18
**lie** [1] - 25:9
**life** [29] - 4:19, 5:3, 11:17, 12:7, 12:10, 12:11, 12:22, 14:13, 14:15, 15:1, 15:20, 16:24, 19:12, 21:2, 21:4, 22:8, 22:10, 23:16, 23:23, 24:13, 25:14, 26:10, 26:11, 26:19, 27:2, 28:7, 28:23, 29:16, 29:22
**line** [1] - 28:4
**Lisa** [13] - 3:18, 5:7, 10:2, 10:3, 10:4, 10:14, 10:16, 10:24, 11:7, 11:12, 13:18, 14:17, 14:22
**Litigation** [1] - 2:14
**live** [2] - 28:1, 28:9
**living** [1] - 13:20
**look** [2] - 15:22, 16:1
**looking** [2] - 15:14, 26:19
**looks** [2] - 13:10, 20:14
**love** [10] - 24:9, 24:10, 25:18, 25:19, 25:21,
26:3, 29:11
**lowest** [1] - 11:10
**lying** [1] - 14:18

## M

**mail** [6] - 5:21, 5:23, 5:24, 6:3, 8:8, 8:22
**mailed** [1] - 6:20
**major** [1] - 3:23
**Malae** [1] - 24:10
**mama** [1] - 25:1
**man** [3] - 10:22, 13:21, 22:20
**mandate** [3] - 4:6, 23:23, 30:15
**mandated** [5] - 4:4, 4:13, 4:20, 21:22, 22:8
**mandates** [2] - 21:10, 29:17
**mandatory** [8] - 4:5, 11:17, 12:7, 15:20, 16:24, 19:12, 20:2, 21:2
**manning** [1] - 28:6
**manufacture** [1] - 4:7
**Marshal** [1] - 32:24
**matter** [10] - 4:16, 5:10, 12:11, 12:23, 15:2, 16:17, 16:19, 16:20, 19:11, 26:21
**maximize** [1] - 30:3
**McCuskey** [1] - 1:14
**MCCUSKEY** [50] - 3:7, 5:22, 6:1, 6:9, 6:13, 6:16, 6:19, 6:22, 7:1, 7:4, 7:10, 7:13, 7:17, 7:22, 8:1, 8:6, 8:10, 8:13, 8:16, 8:22, 9:1, 9:6, 9:10, 9:13, 9:19, 11:4, 11:22, 12:4, 16:3, 16:8, 16:11, 18:17, 19:2, 20:5, 21:14, 21:16, 21:18, 22:16, 23:1, 23:9, 24:3, 25:22, 31:19, 31:22, 32:2, 32:7, 32:11, 32:14, 32:20, 32:23
**mean** [2] - 8:18, 24:11
**means** [4] - 4:3, 13:7, 26:4, 27:2
**meant** [2] - 4:24, 27:22
**member** [1] - 22:22
**members** [2] - 22:23, 23:19
**men** [1] - 13:21

**mentioned** [1] - 9:24
**mentoring** [1] - 23:18
**Michael** [1] - 1:14
**microphone** [1] - 24:6
**Midwest** [1] - 2:14
**might** [2] - 10:6, 16:1
**million** [1] - 21:7
**minimized** [3] - 10:15, 14:18, 14:19
**minimum** [2] - 19:12, 20:3
**minimums** [1] - 4:5
**mistake** [1] - 20:8
**mom** [2] - 24:8, 24:13
**money** [3] - 27:8, 27:12, 27:13
**month** [3] - 17:16, 17:24, 18:6
**mother** [1] - 23:5
**move** [1] - 17:5
**MR** [40] - 6:8, 6:12, 6:15, 6:18, 6:21, 6:24, 7:3, 7:7, 7:12, 7:16, 7:19, 7:23, 8:2, 8:9, 8:12, 8:15, 9:5, 9:9, 9:12, 10:10, 11:6, 11:24, 12:2, 15:24, 16:6, 18:16, 18:24, 19:18, 21:15, 21:17, 21:20, 22:18, 23:4, 23:14, 24:8, 31:18, 31:21, 31:23, 32:6, 32:22
**MS** [9] - 5:21, 5:23, 8:21, 8:24, 9:18, 21:13, 32:9, 32:13, 32:19
**multiple** [1] - 11:14
**murders** [1] - 26:9
**must** [4] - 16:15, 21:3, 29:17, 31:1
**mute** [1] - 11:15

## N

**name** [1] - 13:22
**natural** [1] - 23:23
**necessarily** [1] - 26:24
**necessary** [2] - 11:20, 19:10
**need** [6] - 11:16, 16:23, 20:24, 22:5, 22:15, 32:9
**never** [6] - 4:18, 12:23, 17:23, 20:9, 26:10
**new** [2] - 14:24, 19:6
**next** [1] - 31:6

**niece** [1] - 23:6
**nine** [1] - 25:10
**nobody** [8] - 15:16, 26:1, 26:2, 26:4, 26:13, 27:14
**note** [1] - 20:24
**notes** [1] - 34:6
**nothing** [6] - 13:6, 13:7, 13:13, 14:5, 26:5, 27:14
**notice** [9] - 4:22, 30:20, 30:22, 30:24, 31:3, 31:4, 31:5, 32:1, 32:3
**November** [1] - 34:12
**number** [3] - 3:9, 11:6, 20:8

## O

**Obama** [1] - 13:7
**object** [1] - 10:20
**objected** [1] - 7:23
**objecting** [1] - 7:20
**objection** [10] - 9:20, 10:9, 11:21, 17:1, 17:6, 17:8, 17:13, 19:3, 19:5, 19:9
**objections** [18] - 6:4, 6:11, 7:5, 7:9, 7:15, 7:18, 7:24, 8:5, 8:16, 8:19, 9:3, 9:8, 9:11, 9:14, 9:16, 19:13, 19:17, 20:14
**objects** [2] - 9:21, 17:15
**October** [2] - 1:14, 34:5
**OF** [4] - 1:1, 1:4, 34:1, 34:2
**offender** [1] - 12:22
**offense** [7] - 9:22, 11:11, 11:13, 11:19, 15:20, 17:8, 17:9
**office** [3] - 3:14, 7:11, 18:1
**OFFICE** [1] - 2:2
**officer** [1] - 5:18
**once** [3] - 9:14, 14:9, 24:22
**one** [16] - 4:18, 5:1, 11:7, 11:12, 13:8, 13:14, 14:9, 17:14, 18:13, 25:15, 26:3, 27:6, 28:14, 28:20, 29:6, 30:19
**open** [2] - 3:10, 25:9
**opportunities** [2] - 30:5, 30:11

**opportunity** [5] - 7:1, 8:11, 8:13, 30:7
**options** [2] - 5:1, 23:22
**ordered** [3] - 5:13, 17:16, 32:10
**orders** [1] - 10:18
**otherwise** [1] - 34:10
**outcome** [1] - 24:22
**outside** [1] - 30:8
**overruled** [1] - 13:2
**Owens** [11] - 3:19, 5:7, 10:2, 10:3, 10:4, 10:14, 11:7, 11:12, 13:18, 14:18, 14:23
**owing** [1] - 22:12
**own** [3] - 27:13, 30:22, 30:24

## P

**page** [5] - 6:2, 9:20, 17:6, 17:14, 19:3
**pages** [2] - 20:17, 20:21
**paper** [1] - 26:19
**paragraph** [8] - 9:20, 9:23, 10:1, 17:6, 17:14, 17:15, 18:1, 19:3
**paragraphs** [2] - 20:17, 20:21
**parents** [1] - 29:15
**parole** [1] - 18:5
**particular** [1] - 8:4
**partners** [1] - 10:6
**party** [3] - 34:9, 34:9, 34:11
**past** [4] - 25:5, 25:6, 26:7, 27:1
**pawn** [1] - 24:24
**pay** [7] - 21:8, 21:9, 22:10, 24:20, 24:23, 30:13
**penalties** [1] - 21:22
**penalty** [2] - 11:17, 22:8
**people** [17] - 4:4, 4:18, 15:4, 15:5, 15:14, 15:15, 20:9, 24:19, 24:21, 25:8, 27:23, 28:1, 28:6, 28:9, 28:22, 29:5
**Peoria** [1] - 26:9
**perfected** [1] - 31:7
**perform** [1] - 11:12
**period** [4] - 14:23, 17:22, 28:15, 29:22
**person** [6] - 13:14,

20:10, 23:4, 29:3, 30:6, 34:8
**Phone** [1] - 2:15
**place** [1] - 11:3
**plaintiff** [1] - 3:8
**Plaintiff** [1] - 1:5
**PLAINTIFF** [2] - 2:2, 3:2
**player** [1] - 10:17
**plead** [1] - 5:4
**pleaded** [1] - 18:5
**point** [9] - 9:21, 11:9, 15:19, 16:9, 19:18, 19:20, 20:3, 22:14, 25:23
**points** [5] - 10:21, 11:6, 12:11, 17:19, 19:6
**police** - 15:14
**portion** [2] - 16:13, 16:16
**position** [2] - 17:7, 19:4
**positive** [1] - 29:9
**possessed** [1] - 3:19
**possession** [7] - 4:9, 4:11, 5:9, 18:5, 25:10, 25:13
**possible** [3] - 10:13, 12:14, 30:1
**potential** [1] - 22:21
**prayers** [1] - 25:18
**pre** [1] - 5:14
**pre-sentence** [1] - 5:14
**prepare** [1] - 5:14
**prepared** [3] - 5:15, 20:15, 20:18
**preponderance** [1] - 20:22
**PRESENT** [1] - 2:9
**present** [2] - 3:10, 23:2
**presentence** [17] - 5:16, 5:19, 6:2, 6:5, 6:19, 7:6, 7:14, 7:20, 8:7, 8:17, 9:2, 9:17, 9:23, 10:1, 16:4, 16:16, 20:15
**president** [3] - 13:5, 26:12, 26:23
**previous** [1] - 19:9
**prison** [3] - 14:21, 16:24, 30:9
**prisoners** [2] - 27:4, 27:6
**prisons** [3] - 27:3, 29:22, 32:17
**probation** [10] - 3:14, 5:14, 5:18, 7:11, 8:2,

9:3, 18:1, 20:9, 21:5, 32:18
**problem** [3] - 12:15, 14:22, 15:3
**procedure** [4] - 15:22, 16:12, 16:14, 17:4
**proceed** [1] - 32:4
**proceedings** [1] - 31:13
**productive** [1] - 22:22
**properly** [1] - 7:14
**proposition** [1] - 19:1
**protecting** [1] - 24:24
**provided** [2] - 18:7, 31:13
**provisions** [1] - 21:12
**pull** [1] - 24:6
**pursuant** [10] - 15:21, 17:3, 18:20, 19:9, 19:14, 20:16, 20:18, 29:19, 30:15, 32:14
**put** [3] - 7:13, 9:16, 29:12

## Q

**qualifies** [1] - 19:12
**qualify** [1] - 4:2
**questions** [2] - 31:16, 31:19
**quick** [1] - 16:6

## R

**raised** [1] - 12:6
**raising** [1] - 24:14
**Randolph** [4] - 1:17, 2:13, 3:4, 34:15
**RANDOLPH** [1] - 34:3
**range** [1] - 21:7
**Rantoul** [1] - 15:10
**rather** [2] - 19:7, 19:8
**ratted** [1] - 27:24
**ready** [1] - 25:14
**realize** [1] - 24:14
**really** [5] - 10:22, 18:10, 25:2, 27:5, 27:9
**reason** [2] - 18:9, 20:11
**reasonable** [1] - 27:1
**receive** [1] - 9:2
**received** [5] - 6:6, 6:22, 8:7, 18:1, 28:22
**receiving** [1] - 6:9
**recess** [2] - 16:7, 16:9
**recollection** [1] -

17:18
**recommendation** [1] - 21:24
**recommended** [1] - 30:2
**recommends** [2] - 22:7, 29:23
**record** [8] - 14:4, 14:16, 16:11, 16:22, 24:5, 29:18, 34:7, 34:9
**records** [3] - 17:23, 19:24, 20:6
**reduced** [3] - 17:9, 27:20, 34:6
**reference** [1] - 9:20
**references** [1] - 19:3
**referencing** [2] - 17:6, 17:14
**reform** [1] - 29:19
**regarding** [1] - 10:7
**regardless** [1] - 11:18
**rehabilitated** [1] - 22:21
**relative** [1] - 34:9
**relatively** [1] - 22:20
**release** [2] - 21:6, 22:11
**remaining** [2] - 19:17, 23:18
**remanded** [1] - 32:23
**remarks** [1] - 23:15
**report** [19] - 5:15, 5:17, 5:19, 6:2, 6:5, 6:11, 6:20, 7:6, 7:14, 7:20, 8:8, 8:17, 9:2, 9:17, 9:23, 10:1, 16:16, 19:19, 20:15
**reported** [2] - 6:4, 17:18
**REPORTER** [1] - 2:12
**Reporter** [3] - 1:18, 3:5, 34:3
**represent** [1] - 31:15
**represented** [2] - 3:12, 3:14
**request** [1] - 31:24
**required** [1] - 24:5
**requires** [1] - 11:11
**resolved** [1] - 18:9
**resource** [1] - 23:19
**respond** [2] - 11:5, 20:10
**rest** [1] - 24:13
**restitution** [1] - 21:6
**result** [1] - 7:7
**return** [1] - 25:15
**reverend** [1] - 13:13
**review** [2] - 8:11, 31:8
**reviewed** [3] - 5:17,

6:6, 6:23
**reviewing** [1] - 6:10
**revised** [3] - 8:20, 8:23, 9:2
**rid** [2] - 13:12, 26:17
**rights** [1] - 31:17
**role** [9] - 9:22, 10:16, 10:22, 11:2, 11:11, 15:19, 17:8, 23:17, 29:14
**route** [1] - 29:1
**ruin** [1] - 28:7
**Rule** [5] - 11:23, 19:10, 19:15, 28:15, 28:20
**rule** [6] - 4:14, 15:21, 16:12, 16:14, 16:17
**ruling** [3] - 16:18, 16:22, 17:11
**rulings** [1] - 19:14

## S

**sacrifice** [1] - 28:12
**sacrificed** [3] - 24:19, 25:2, 25:3
**sad** [1] - 26:23
**sale** [1] - 12:19
**savvy** [1] - 10:17
**second** [2] - 17:5, 23:5
**secondly** [1] - 11:15
**section** [1] - 32:13
**Section** [3] - 11:10, 15:11, 32:15
**Security** [2] - 19:23, 20:8
**security** [1] - 20:6
**see** [1] - 20:15
**seller** [1] - 10:3
**selling** [1] - 15:15
**send** [1] - 26:19
**senior** [1] - 5:18
**sent** [4] - 14:21, 17:23, 26:10, 26:11
**sentence** [22] - 4:2, 5:14, 14:3, 17:2, 17:16, 17:19, 17:20, 17:21, 17:24, 18:12, 18:19, 18:21, 19:12, 23:23, 26:24, 27:20, 28:5, 28:18, 28:21, 29:23, 30:3, 30:17
**sentenced** [1] - 18:6
**sentences** [3] - 4:17, 23:16
**sentencing** [17] - 5:11, 11:9, 16:13, 16:15, 16:19, 16:20, 17:12,

18:10, 18:22, 19:11, 20:1, 20:16, 20:19, 23:3, 29:4, 29:19
**sentencings** [1] - 26:1
**September** [1] - 5:11
**serve** [3] - 17:16, 29:23, 30:2
**service** [1] - 10:7
**Services** [1] - 2:14
**serving** [2] - 17:18, 18:4
**set** [5] - 5:11, 9:22, 17:24, 18:23, 34:11
**Seventh** [4] - 14:14, 26:18, 31:7, 32:4
**several** [3] - 7:8, 19:21, 21:22
**short** [2] - 14:23, 16:9
**shorter** [1] - 17:22
**Shorthand** [3] - 1:18, 3:4, 34:3
**shorthand** [1] - 3:4
**show** [2] - 14:6, 19:7
**showing** [1] - 19:23
**shows** [2] - 10:1, 14:2
**siblings** [1] - 29:15
**side** [1] - 23:13
**sign** [2] - 26:20, 26:21
**significant** [1] - 29:14
**simply** [1] - 23:21
**sister** [1] - 23:5
**sit** [4] - 13:9, 24:14, 25:8
**sitting** [1] - 24:11
**situation** [2] - 12:24, 13:1
**situations** [1] - 29:5
**sixth** [1] - 23:7
**small** [1] - 19:18
**smart** [2] - 30:6, 30:9
**Social** [2] - 19:23, 20:8
**social** [1] - 20:6
**society** [1] - 22:22
**sold** [2] - 13:23, 13:24
**sole** [1] - 3:21
**sometimes** [1] - 20:8
**somewhat** [1] - 13:19
**somewhere** [1] - 25:12
**son** [4] - 13:13, 23:6, 24:19, 28:3
**soon** [3] - 15:6, 15:7, 15:9
**South** [2] - 1:16, 2:3
**special** [5] - 21:9, 21:10, 22:12, 30:14, 32:13
**specific** [1] - 11:21

6

speeches [2] - 29:4, 29:5
spending [1] - 28:24
spent [1] - 4:18
spoken [1] - 21:21
Springfield [1] - 2:14
SS [1] - 34:1
stand [1] - 10:15
State [2] - 1:19, 34:3
STATE [1] - 34:1
statement [1] - 9:24
States [9] - 3:7, 3:12, 4:16, 4:21, 6:3, 13:5, 20:19, 32:15, 32:24
states [2] - 6:2, 17:15
STATES [2] - 1:4, 2:2
statute [3] - 12:1, 21:2, 21:4
statutorily [1] - 22:8
statutory [5] - 4:3, 11:17, 20:3, 21:12, 23:23
stenograph [1] - 34:6
still [1] - 6:13
STIPULATED [1] - 3:1
story [1] - 14:15
Street [2] - 1:17, 2:7
street [3] - 22:3, 27:8, 27:11
strike [1] - 4:14
strikes [2] - 14:14, 27:2
strong [2] - 8:3, 9:15
stuck [1] - 27:16
submit [1] - 32:10
subsequent [1] - 17:21
substance [4] - 4:8, 4:10, 4:12, 18:6
suggests [1] - 17:20
Suite [1] - 2:14
supervised [1] - 21:6
support [2] - 23:13, 27:13
supporting [1] - 23:10
supports [1] - 11:20
Supreme [5] - 4:15, 4:20, 12:16, 13:4, 26:13
surprised [1] - 12:5
Susan [4] - 1:17, 2:13, 3:4, 34:15
SUSAN [1] - 34:3

**T**

Taylor [2] - 9:24, 10:2
ten [6] - 12:20, 30:21, 31:1, 31:3, 31:6

tenths [1] - 25:11
term [3] - 18:5, 18:7, 22:11
testify [8] - 27:15, 27:18, 27:23, 28:2, 28:3, 28:7
testimony [3] - 5:6, 5:7, 34:7
testing [1] - 32:10
themselves [1] - 23:17
theory [1] - 24:1
therefore [3] - 15:21, 17:2, 21:23
third [5] - 4:19, 17:13, 23:5, 27:21, 31:1
THOMAS [1] - 2:6
Thomas [2] - 2:6, 3:11
three [12] - 4:1, 4:13, 4:23, 5:1, 5:3, 14:14, 17:20, 27:2, 27:5, 28:9, 30:18, 31:6
today [9] - 6:14, 6:15, 12:6, 14:3, 14:6, 21:12, 22:23, 23:10, 26:23
today's [3] - 5:12, 20:22, 28:14
together [1] - 10:23
Toll [1] - 2:16
total [2] - 17:9, 19:6
towers [1] - 19:22
transaction [1] - 27:20
transcript [1] - 31:12
transcription [1] - 34:7
trial [3] - 5:2, 5:5, 10:13
tried [1] - 26:17
true [3] - 6:13, 6:15, 34:7
truthful [1] - 10:14
try [2] - 14:6, 27:18
trying [6] - 13:12, 13:14, 13:20, 26:14, 27:12
two [7] - 3:17, 5:2, 9:21, 10:6, 10:20, 11:6, 15:19
types [1] - 28:9
typewriting [1] - 34:6

**U**

U.S [3] - 1:1, 3:13, 5:18
ultimate [1] - 18:21
under [6] - 4:3, 11:9, 21:2, 21:4, 23:24,

34:7
unhappy [1] - 14:11
unique [1] - 10:11
UNITED [2] - 1:4, 2:2
United [9] - 3:7, 3:12, 4:16, 4:21, 6:3, 13:5, 20:19, 32:15, 32:24
unnecessary [3] - 16:18, 16:22, 17:11
unresolved [5] - 17:5, 19:3, 19:13, 19:17, 20:13
unsupervised [1] - 22:11
up [11] - 12:18, 13:9, 15:22, 19:23, 21:7, 26:7, 26:8, 27:2, 28:6, 29:2
upheld [2] - 17:8, 19:6
URBANA [1] - 1:2
Urbana [4] - 1:17, 2:4, 2:7, 30:23
useful [1] - 23:17

**V**

various [1] - 22:4
verify [1] - 18:8
versus [1] - 3:8
via [1] - 5:21
view [1] - 10:22
Vincent [3] - 2:9, 3:14, 5:17
Vine [2] - 1:16, 2:3
violence [1] - 22:4
visit [2] - 25:24, 27:3
visits [1] - 29:11
vocational [2] - 30:4, 30:10
vouchers [1] - 15:12
vs [1] - 1:6

**W**

walk [1] - 14:6
walked [1] - 13:1
wardens [1] - 27:4
watch [1] - 25:8
ways [2] - 12:9, 30:18
West [2] - 2:7, 2:14
whatsoever [1] - 4:17
whereof [1] - 34:11
wipe [2] - 12:13, 12:15
wish [6] - 10:9, 24:4, 24:6, 24:17, 29:3, 30:24
wished [1] - 22:3
witness [2] - 10:15,

34:11
witnesses [1] - 6:17
woman [1] - 10:23
women [1] - 22:4
words [1] - 29:12
write [3] - 16:5, 25:17, 28:17

**X**

xerox [1] - 19:23

**Y**

year [3] - 26:10, 28:15, 28:20
years [3] - 12:20, 17:20
young [8] - 5:15, 5:19, 7:13, 8:18, 9:13, 21:11, 22:20, 32:7
Young [2] - 2:10, 3:15
YOUNG [9] - 5:21, 5:23, 8:21, 8:24, 9:18, 21:13, 32:9, 32:13, 32:19