E-FILED
Friday, 28 December, 2018 01:42:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS



FILED
DEC 28 2018
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| JAMELLE CARRAWAY ) | |
|     Defendant, ) | |
| ) | |
| -vs- ) | Case No. 08-20010 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff. ) | |

MOTION TO BE RESENTENCED UNDER

RETROACTIVE 2010 FAIR SENTENCING ACT

COMES NOW, Jamelle Carraway (hereinafter, Defendant) pro se, respectfully moves this Honorable Court to resentence Defendant based upon the Fair Sentencing Act of 2010 (FSA)(Public Law 111-220; 124 Stat. 2372), being made retroactive on December 21, 2018. In support of the instant motion, the Defendant states as follows:

I.    PROCEDURAL AND FACTUAL BACKGROUND

Defendant was charged with possession of 50 or more grams of cocaine base with the intent to distribute. The Defendant proceeded with a bench trial on January 7, 2009, and on June 1, 2009 this Court found the Defendant guilty of possession of 50 grams or more of cocaine base with intent to distribut it. Because of the Defendant's three prior convictions this Court

1

was required to impose a life sentence under 21 U.S.C. §841(b)-(1)A).

## II.   MODIFIED STATUTORY PENALTIES UNDER FSA

The Court sentenced Defendant to mandatory life on October 6, 2009. And during this time the law called for this sentence if the drug quantity of cocaine base was 50 or more grams, and if the person had at least two prior drug convictions. Within 10 months after Defendant was sentenced, the Fair Sentencing Act (FSA) was signed into law. This new law raised the drug amount for 21 U.S.C. §841(b)(1)(A) to 280 grams of cocaine base. On December 21, 2018 the FSA was made retroactive, and under this law the Defendant is no longer subject to the mandatory life sentence. The drug quantity in Defendant's case was less than 140 grams of cocaine base. The FSA now calls for the Defendant to have a mandatory 10 year sentence under 841(b)(1)(B).

## III.  ALTERNATIVE/LIMITED RESENTENCING

Based on the FSA raising the drug amount to 280 grams of cocaine base, the Defendant has to be resentenced. Two of the Defendant's prior convictions were for simple possession (case: 02-CR-3012501 and case: 04-CR-6612403), so neither of these prior convictions can be used to activate the career offender provision under the guidelines. The Defendant has turned his life in a positive direction and has shown exceptional rehabilitation over the years while incarcerated. (Ex. A).

## CONCLUSION

WHEREFORE, based on the aforementioned, Defendant prays this Honorable Court to resentence him to the lowest range possible under the advisory sentencing guidelines. The Defendant deserves a second chance to live in society and prays the Court to apply a reasonable sentence.

Respectfully Submitted,

Date: December 26, 2018

JAMELLE CARRAWAY, Defendant

3