IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. 08 CR 20010 |
| v. | ) ) ) | Hon. James E. Shadid |
| JAMELLE CARRAWAY | ) ) |  |

## JOINT STATEMENT CONCERNING DEFENDANT JAMELLE CARAWAY'S REQUEST FOR A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

Defendant JAMELLE CARAWAY, by his attorney, MIANGEL CODY, and the UNITED STATES OF AMERICA, by its attorney PATRICK HANSEN, submit this joint statement for a sentence reduction pursuant to Section 404 of the First Step Act. **The parties agree that the Court should reduce Mr. Carraway's sentence to a within-guidelines sentence of 140 months' imprisonment (time served).** We further state as follows:

1. On February 26, 2008, Jamelle Caraway was indicted for knowingly possessing with the intent to distribute more than 50 grams of cocaine base (crack). Doc. No. 12. The precise drug amount involved was 139.1 grams of cocaine base. PSR at ¶ 8. The government filed a three-strikes enhancement pursuant to 21 U.S.C. § 851, which required the Court to sentence Defendant Caraway to a mandatory life sentence upon conviction. Doc. No. 16.

2. On June 1, 2009, the court conducted a bench trial and found Defendant Caraway guilty of Count 1 of the Indictment. Doc. No. 56. At Carraway's October 6, 2009 sentencing, Judge McCuskey imposed a statutory life sentence. Doc. 60.

3. Section 404 of the FIRST STEP Act of 2018 independently authorizes a district court to impose a reduced sentence for crack-cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act would have applied had the Act been in effect at the time of the original sentencing.

4. The parties agree that the 2010 Fair Sentencing Act's reduced penalty structure would have applied to Mr. Carraway's crack offense had that Act been in effect during his 2009 sentencing. Accordingly, this Court is authorized to impose a reduced sentence under Section 404. Thus, the parties agree that Mr. Caraway is eligible for a sentence reduction pursuant to Section 404 of the First Step Act.

5. Under the 2018 Guidelines Manual, Mr. Carraway's current guideline calculations are as follows: U.S.S.G. § 2D1.1(c)(7) prescribes a base offense level of 26 for 1391.1 grams of cocaine base. Carraway continues to receive an additional two-level role adjustment, resulting in a total offense level of 28. Mr. Carraway's criminal history category is VI. His current guideline range is 140 to 175 months' imprisonment.

6. The parties agree the Court should reduce Mr. Carraway's sentence to 140 months' imprisonment (time served). The parties requested sentence is within the applicable 2018 guideline range, and it is "sufficient, but not greater than necessary" pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. Sec. 3553(a). Mr. Carraway has been in custody since February 4, 2008. He has served approximately 132 months of actual custody. With good-time credit, Mr. Carraway has credit for approximately 150 months' incarceration.

7. Given Mr. Carraway's life sentence, the Court did not impose a term of supervised release in its original judgment. The parties agree that an 8-year mandatory term of supervision applies and should be imposed as to Count 1.

Based on the facts set forth above, the parties agree the Court should:

A. Issue a *Writ of Habeas Corpus ad Prosequendum* to FCI Oxford where Defendant Carraway is presently incarcerated. Mr. Carraway's BOP Register Number is 14837-026.

B. Schedule a telephonic hearing as soon as Mr. Carraway can be made available to reduce his sentence to a total term of 140 months' imprisonment (time served) as to Count 1 of the Indictment. On February 1, 2019, undersigned defense cousel spoke to the BOP's Sentence Computation Center in Grand Prairie Texas, who advised a sentence of 140 months' imprisonment would render Mr. Carraway due for immediate release.

C. The Court should order that, prior to the telephonic hearing, Mr. Carraway shall provide the U.S. probation office with the address where he will reside.

D. Impose an 8 year term of supervised release as to Count 1 of the Indictment. In consultation with the U.S. probation office, the parties shall propose conditions of supervised release at the telephonic hearing.

E. In all other respects, the Judgment entered on October 6, 2009 should remain in full force and effect.

Respectfully submitted,

| | |
|---|---|
| JOHN C. MILHISER<br>UNITED STATES ATTORNEY | JAMELLE CARRAWAY<br>DEFENDANT |
| BY: /s/ Patrick D. Hansen<br>    Assistant United States Attorney<br>    318 S. Sixth Street<br>    Springfield, Illinois 62701<br>    Telephone: (271) 492-4450<br>    Facsimile (271) 492-4512 | BY: /s/ MiAngel Cody<br>    TDC Law Office<br>    900 W. Jackson Blvd., Ste 7E<br>    Chicago, Illinois 60607<br>    Telephone: (312) 858-8330<br>    Facsimile (312) 858-8334 |

## CERTIFICATE OF SERVICE

The undersigned, MiAngel Cody, an attorney with The Decarceration Collective hereby certifies that on February 1, 2019, I electronically filed the following with the Clerk of the Court using the CM/ECF system:

**JOINT STATEMENT CONCERNING DEFENDANT JAMELLE CARRAWAY'S REQUEST FOR A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP**

/s/ MiAngel Cody
MIANGEL CODY

THE DECARCERATION COLLECTIVE
LAW OFFICE
900 W. Jackson Blvd. Suite 7E
Chicago, IL 60607

*Attorney for Jamelle Carraway*
